# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JACQUELINE COLYER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:17-CV-02569 JAR |
| | ) |
| KUMON NORTH AMERICA, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Leave to File her Second Amended Complaint. (Doc. No. 32) Upon consideration, the motion will be granted.

On May 14, 2018, Plaintiff filed her first amended complaint purporting to assert two claims against Defendant under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601, *et seq.* (Doc. No. 15) Defendant moved to dismiss the amended complaint for lack of subject matter jurisdiction on the grounds that Defendant is not an "employer" and Plaintiff is not an "eligible employee" under the FMLA. (Doc. No. 20) Specifically, Defendant argued it does not employ 50 or more employees within a 75-mile radius of Plaintiff's worksite. In her opposition to Defendant's motion to dismiss, Plaintiff asserted she had not had an opportunity to discover relevant facts concerning the FMLA application issue, including the 50/75 defense. The Court determined that some limited discovery was necessary and appropriate and directed the parties to submit a joint scheduling plan for limited discovery. (Doc. No. 31)

Thereafter Plaintiff requested leave to file a second amended complaint, thereby mooting Defendant's pending motion to dismiss. Plaintiff seeks to add allegations supporting her argument that Defendant is estopped from contesting her right to assert an FMLA claim in light

of its assertions that she was eligible for FMLA leave. Plaintiff also seeks to add an ADA disability discrimination claim based on her receipt of a Right to Sue Letter from the EEOC. Lastly, Plaintiff seeks to amend her MHRA retaliation claim to include allegations that Defendant retroactively changed her leave status in 2018 in retaliation for filing a charge with the MCHR and this lawsuit. Defendant does not oppose Plaintiff's request to amend her complaint to include factual allegations related to her estoppel argument or her new ADA claim. However, Defendant opposes Plaintiff's request to amend her retaliation claim, arguing that her proposed claim is futile because there is no authority to support it. (Doc. No. 35)

A court may properly deny a motion to amend a pleading if the amendment would be futile. Popoalii v. Corr. Med. Servs., 512 F .3d 488, 497 (8th Cir. 2008) (citing Kozohorsky v. Harmon, 332 F.3d 1141, 1144 (8th Cir. 2003)); Fed. R. Civ. P. 15(a)(2). An amendment is futile if the amended pleading could not withstand a motion to dismiss under Rule 12, Fed. R. Civ. P. 12. In re Senior Cottages of Am., LLC, 482 F.3d 997, 1001 (8th Cir. 2007). "Likelihood of success on the new claim is no basis for denying an amendment unless the claim asserted therein is clearly frivolous." Gamma–10 Plastics, Inc. v. Am. President Lines, Ltd., 32 F.3d 1244, 1255–56 (8th Cir. 1994) (quoting Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 644 F.2d 690, 695 (8th Cir. 1981)); see also Popp Telcom v. American Sharecom, Inc., 210 F.3d 928, 944 (8th Cir. 2000).

Defendant argues that its redesignation of Plaintiff's leave status cannot be the basis for a retaliation claim because it was asserted only as a defense in its pending motion to dismiss Plaintiff's first amended complaint and is protected by the judicial proceedings privilege. Defendant's objection to Plaintiff's proposed amendment is in the nature of a motion to dismiss for failure to state a claim. Such a motion may only be granted if, taking all facts alleged in the

complaint as true, and construing the complaint liberally in the light most favorable to the plaintiff, it appears beyond a doubt that the plaintiff can prove no set of facts which would entitle the plaintiff to relief. Carpenter Outdoor Adver. Co. v. City of Fenton, 251 F.3d 686, 688 (8th Cir. 2001).

The Court finds the facts alleged in the proposed amended complaint, liberally construed in the light most favorable to Plaintiff, are sufficient to state a claim for retaliation. Thus, Plaintiff's motion for leave to amend will be granted and Defendant's motion to dismiss directed to the first amended complaint will be denied as moot. In light of these rulings, the Court will no longer require the parties to file a joint scheduling plan for limited discovery on the FMLA application issue.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File her Second Amended Complaint [32] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss [20] is **DENIED** as moot.

**IT IS FINALLY ORDERED** that the Court's order directing the parties to file a joint proposed scheduling plan for limited discovery [31, 34] is **VACATED.**

Dated this 13th day of September, 2018.

　　　　　　　　　　　　　　　　　　　　　　　　
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**